UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD FAINTER,                                                          14 CV 8543 (JPO)(RLE)

                              Plaintiff,                                      **ANSWER TO COMPLAINT**

       -against-

METROPOLITAN LIFE INSURANCE                                DOCUMENT
COMPANY,                                                                       ELECTRONICALLY FILED

                              Defendant.
-----------------------------------------------------------------X

       Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

       FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint.

       SECOND:  Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife is an insurance company duly organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York.

       THIRD:  Admits the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint.

       FOURTH:  Admits the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

       FIFTH:  Admits the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

       SIXTH:  Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except

admits that Plaintiff was formerly an employee of American National Red Cross ("Red Cross") and employed as a Senior Network Engineer.

SEVENTH: Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued a group policy of insurance to the Red Cross to fund benefits under its long term disability benefit plan (the "Plan") and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

EIGHTH: Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued a group policy of insurance to the Red Cross to fund benefits under the Plan and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

NINTH: Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that as a Red Cross employee, Plaintiff was eligible to and did enroll as a participant in the Plan.

TENTH: Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued a group policy of insurance to the Red Cross to fund benefits payable under the Plan and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

ELEVENTH: Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that MetLife issued a group policy of insurance to the Red Cross to fund benefits

payable under the Plan and respectfully refer to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein, and further admits that this paragraph accurately quotes a portion of the Plan's definition for "Disabled" or "Disability."

TWELFTH: Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for plaintiff's claim, kept and maintained by MetLife in the regular course of its business, for the contents thereof as to the facts and circumstances recorded therein, except admits that Plaintiff has been out of work since April 14, 2011, and that MetLife initially approved his claim for LTD benefits under the Plan's "own occupation" disability definition.

THIRTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for plaintiff's claim, kept and maintained by MetLife in the usual course of its business, for the contents thereof as to the facts and circumstances recorded therein, except admits that The Social Security Administration ("SSA") approved Plaintiff's claim for Social Security Disability Income ("SSDI") benefits effective April 14, 2011.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

FOURTEENTH: In response to paragraph "14" of the plaintiff's Complaint, defendant repeats, reiterates and reallege each and every response to the allegations contained in paragraphs "1" through "13" inclusive, with the same force and effect as if more fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint.

SEVENTEENTH: Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for plaintiff's claim, kept and maintained by MetLife in the usual course of its business, for the contents thereof as to the facts and circumstances recorded therein.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the Plan documents for the contents thereof as to the terms, conditions, limitations and exclusions set forth therein.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

TWENTIETH: Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to Plaintiff's claim, kept and maintained by MetLife in the regular course of its business, for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated October 30, 2013, MetLife denied Plaintiff's claim for continuing LTD benefits under the Plan because it determined that his submissions did not demonstrate that he satisfied the Plan's "any gainful occupation" definition of disability.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to Plaintiff's claim, kept and maintained by MetLife in the regular course of its business, for the contents thereof as to the facts and circumstances recorded therein, except admits that during its review of Plaintiff's claim, MetLife

identified an occupation that was appropriate for Plaintiff and was available in the national economy.

   TWENTY-SECOND:  Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff filed an appeal of defendant's initial claim decision on or about April 25, 2014.

   TWENTY-THIRD:  Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record pertaining to Plaintiff's claim, kept and maintained by MetLife in the regular course of its business, for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated August 7, 2014, MetLife advised Plaintiff that it had upheld its initial adverse benefit determination on appeal.

   TWENTY-FOURTH:  Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

   TWENTY-FIFTH:  Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint.

   TWENTY-SIXTH:  Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint.

   TWENTY-SEVENTH:  Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint.

   TWENTY-EIGHTH:  Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint.

   TWENTY-NINTH:  Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

   THIRTIETH:    Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

   THIRTY-FIRST:   Admits the truth of each and every allegation contained in paragraph "31" of the plaintiff's Complaint.

   THIRTY-SECOND:  Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

<b><u>AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION</u></b>

   THIRTY-THIRD: In response to paragraph "33" of the plaintiff's Complaint, defendant repeats, reiterates and reallege each and every response to the allegations contained in paragraphs "1" through "32" inclusive, with the same force and effect as if more fully set forth at length herein.

   THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

   THIRTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits that the Plan delegates full discretionary authority to MetLife to render decisions on benefit claims and to interpret all plan terms and that MetLife acted in a fiduciary capacity only when and to the extent it rendered determinations on benefit claims.

   THIRTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits that the Plan delegates full discretionary authority to MetLife to render decisions on benefit claims and to interpret all plan

terms and that MetLife acted in a fiduciary capacity only when and to the extent it rendered determinations on claims.

  THIRTY-SEVENTH: Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

  THIRTY-EIGHTH: Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint.

  THIRTY-NINTH: Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint.

  FORTIETH: Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint.

  FORTY-FIRST: Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint.

  FORTY-SECOND: Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint.

  FORTY-THIRD: Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

  FORTY-FOURTH: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife and the Plan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

  FORTY-FIFTH: The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FORTY-SIXTH: MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the LTD Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

FORTY-SEVENTH: All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

FORTY-EIGHTH: MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

FORTY-NINTH: Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

FIFTIETH: Defendant MetLife as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the LTD Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the LTD Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously. Defendant MetLife's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

FIFTY-FIRST: To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the LTD Plan as of the date MetLife determined he was

not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different LTD Plan requirements, exclusions and/or limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:    Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the LTD Plan.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:    The Court's review of plaintiff's claim against defendants is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH:    Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for Long Term Disability benefits under the applicable Plan documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH:    If Plaintiff is entitled to any payment of benefits, which defendants deny, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:    To the extent a response is required, Defendants hereby deny all allegations set forth in the subheadings to plaintiff's Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH: Plaintiff is not entitled to any relief on his Second Cause of Action under ERISA§502(a)(3); 29 U.S.C.§1132(a)(3) because all appropriate relief for his claims is available under his first cause of action pursuant to ERISA§502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B).

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;
2. That defendants, MetLife be awarded costs of suit incurred herein;
3. That defendants, MetLife be awarded reasonable attorney's fees; and
4. That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 12, 2015

                              Respectfully submitted,

                                s/
                              MICHAEL H. BERNSTEIN (MB-0579)
                              SEDGWICK LLP
                              225 Liberty Street, 28th Floor
                              New York, New York 10281-1008
                              T: 212.422.0202 | F: 212.422.0925
                              *Attorneys for Defendant*
                              *METROPOLITAN LIFE INSURANCE COMPANY*

TO:   Jason A. Newfield
      Justine C. Frankel
      Frankel & Newfield, P.C.
      585 Stewart Avenue
      Suite 301
      Garden City, NY 11530
      (516)-222-1600
      Fax: (516)-222-0513
      *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served **ECF and Regular Mail** on January 12, 2015, upon the following:

Jason A. Newfield
Justine C. Frankel
Frankel & Newfield, P.C.
585 Stewart Avenue, Suite 301
Garden City, NY 11530
Phone: (516)-222-1600
Fax: (516)-222-0513
*Attorney for Plaintiff*

Dated:   New York, New York
         January 12, 2015

    s/
MICHAEL H. BERNSTEIN (MB-0579)